United States District Court
Southern District of Texas

**ENTERED**

October 15, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEVEN SCHEAFFER,                      §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §
                                       §
ALBERTSON'S LLC; ALBERTSONS            §
COMPANIES, LLC; SAFEWAY, INC.;         §
ADAM PETIT; MICHAEL HANBY;             §   CIVIL ACTION NO. H-21-2326
RANDALL'S FOOD & DRUG, LP;             §
GROGAN'S MILL RETAIL CENTER GP,        §
LLC; THE J. BEARD REAL ESTATE          §
COMPANY, LP; HILLPHOENIX, INC.;        §
TYLER REFRIGERATION CORP.;             §
and DANFOSS, LLC,                      §
                                       §
            Defendants.                §

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court are plaintiff Steven Scheaffer's ("Plaintiff") motion to remand;[1] defendants Adam Petit and Michael Hanby's ("Petit and Hanby") motion to dismiss for failure to state a claim;[2] defendant Safeway, Inc.'s ("Safeway") motion to dismiss for lack of personal jurisdiction;[3] defendant Albertsons Companies, LLC's ("Albertsons Cos.") motion to dismiss for failure to state a

---

[1]Plaintiff's Motion to Remand ("Motion to Remand"), Docket Entry No. 25.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Defendants' Motion to Dismiss ("Petit and Hanby's Motion"), Docket Entry No. 9.

[3]Defendant, Safeway Inc.'s Motion to Dismiss ("Safeway's Motion"), Docket Entry No. 13.

claim;[4] and defendants The J. Beard Real Estate Company, LP
("J. Beard") and Grogan's Mill Retail Center GP, LLC ("Grogan's")
motion to dismiss for failure to state a claim.[5]   For reasons
explained below, the court will deny Plaintiff's Motion to Remand;
grant Petit and Hanby's Motion; grant Safeway's Motion; and deny
the motions by Albertsons Cos. and Grogan's and J. Beard.

## I.   Factual Allegations and Procedural Background

On February 5, 2021, Plaintiff brought suit against Petit and
Hanby in the 333rd District Court of Harris County, Texas,[6]
asserting claims of negligence and gross negligence.[7]   Plaintiff
later filed an amended petition alleging that while he was
repairing a fan motor in a refrigeration system at a Randall's
Food & Grocery in Woodlands, Texas, "a pipe in the refrigeration
line became over pressurized and ruptured, knocking [Plaintiff] to
the ground and causing him severe, life-altering injuries[,]"
necessitating multiple surgeries and the amputation of his leg.[8]
Plaintiff alleges that Petit as Maintenance Supervisor for
Albertsons Companies-Houston and Hanby as Director of Maintenance

---

[4]Defendant Albertsons Companies, LLC's Motion to Dismiss
("Albertsons Cos.'s Motion"), Docket Entry No. 12.

[5]Defendants' Rule 12(b)(6) Motion to Dismiss ("Grogan's and
J. Beard's Motion"), Docket Entry No. 18.

[6]Original Petition, Docket Entry No. 1, p. 45.

[7]Id. at 48-49 ¶¶ 13-16.

[8]First Amended Petition, Docket Entry No. 1, p. 64 ¶ 18.

for Albertsons Companies Southern Division "had direct operational control of refrigeration equipment and maintenance performed at the Randall's grocery store where the pipe rupture occurred[,]" and that all Defendants' "inaction and lack of oversight led directly to [Plaintiff's] leg amputation and other severe injuries."[9]

Plaintiff's First Amended Petition added several defendants, alleging negligence, negligence per se, and gross negligence against all Defendants;[10] product liability against Tyler Refrigeration Corporation, Hillphoenix, Inc., and Danfoss, LLC;[11] and premises liability against Albertson's LLC ("Albertson's"), Albertsons Cos., Safeway, Randall's Food & Drug, LP ("Randall's"), Grogan's, and J. Beard.[12] Plaintiff seeks damages "in excess of $1,000,000.00."[13]

Defendants Albertson's, Albertsons Cos., Safeway, and Randall's removed the action to this court based on diversity jurisdiction, asserting that all defendants besides Petit and Hanby are incorporated under the laws of Delaware and have their principal places of business in states other than Texas.[14]

---

[9]Id. at 65 ¶¶ 19-20.

[10]Id. at 65-67 ¶¶ 21-24.

[11]Id. at 67-69 ¶¶ 25-34.

[12]Id. at 70 ¶¶ 38-41.

[13]Id. at 71 ¶ 42.

[14]Notice of Removal of Defendants, Albertson's LLC; Albertsons Companies, LLC; Safeway Inc.; and Randall's Food & Drugs LP, Docket Entry No. 1, pp. 2-3 ¶¶ 5-11.

Defendants further asserted that the citizenship of Petit and Hanby must be disregarded for diversity purposes.[15] Petit and Hanby have filed the pending motion to dismiss them as defendants,[16] and Plaintiff has filed a response.[17] Plaintiff has filed a motion to remand.[18] Defendants Albertson's, Albertsons Cos., Safeway, Randall's, Petit, and Hanby have responded,[19] and Plaintiff has replied.[20]

Safeway has filed a motion to dismiss this action for lack of personal jurisdiction,[21] and Plaintiff has responded.[22]

Albertsons Cos. has filed a motion to dismiss for failure to state a claim, as have defendants Grogan's and J. Beard.[23] Plaintiff has filed a response to each motion.[24]

_____

[15]Id. at 3 ¶ 12.

[16]Petit and Hanby's Motion, Docket Entry No. 9.

[17]Plaintiff's Response to Defendants Michael Hanby and Adam Petit's Motion to Dismiss ("Plaintiff's Response to Petit and Hanby"), Docket Entry No. 28.

[18]Motion to Remand, Docket Entry No. 25.

[19]Defendants' Response to Plaintiff's Motion to Remand, Docket Entry No. 33.

[20]Plaintiff's Reply in Support of Motion to Remand, Docket Entry No. 39.

[21]Safeway's Motion, Docket Entry No. 13.

[22]Plaintiff's Response to Defendant Safeway Inc's Motion to Dismiss ("Plaintiff's Response to Safeway"), Docket Entry No. 27.

[23]Albertsons Cos.'s Motion, Docket Entry No. 12; Grogan's and J. Beard's Motion, Docket Entry No. 18.

[24]Plaintiff's Response to Defendant Albertsons Companies, LLC's Motion to Dismiss ("Plaintiff's Response to Albertsons Cos."),

(continued...)

## II.  **Plaintiff's Motion to Remand**

Plaintiff asserts that the court lacks subject matter jurisdiction because Defendants Petit and Hanby are citizens of Texas and therefore are not diverse from Plaintiff.[25]  Petit and Hanby argue that they were improperly joined because Plaintiff has stated no viable claim against them and that they must therefore be dismissed.[26]

### A.  Standard of Review

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in state court may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a).  "To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.'  That means 'all persons on one side of the controversy [must] be

---

(...continued)
Docket Entry No. 26; Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss ("Plaintiff's Response to Grogan's and J. Beard"), Docket Entry No. 32.

[25]Motion to Remand, Docket Entry No. 25, p. 5.

[26]Petit and Hanby's Motion, Docket Entry No. 9, p. 2 ¶¶ 3-4.

citizens of different states than all persons on the other side.'" MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated, 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004)).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).  Because removal jurisdiction raises significant federalism concerns, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281-82 (5th Cir. 2007).

## B.  Analysis

Plaintiff states that "Hanby already sought dismissal of Plaintiff's claims against him under Texas Rule 91a.  The Texas state court denied that motion, finding Plaintiff's claims were viable."[27]  Plaintiff contends that because "a Texas court has already looked at Plaintiff's pleadings and held that he has stated a claim against Texas resident Hanby[,]" and because the Rule 91a standard that the Texas court used is "substantially the same as the 12(b)(6) standard" that this court must apply, the court

---

[27]Motion to Remand, Docket Entry No. 25, p. 5.

"should come to a similar conclusion:  Plaintiff has viable causes of action against Texas residents Petit and Hanby."[28]  A federal district court is not bound by the ruling of the Texas state court. The court will apply the federal pleading standards and determine whether Plaintiff has stated a plausible claim against Petit and Hanby.

Petit and Hanby argue that Plaintiff has failed to state a claim against them upon which relief can be granted because

(a)  Plaintiff fails to plead facts that [Petit and Hanby] owe a duty of care "distinct from what the corporation owes";

(b)  the corporate form of Albertson's and/or Randall's insulate Hanby and Petit from personal liability; and

(c)  Plaintiff alleges neither alter ego nor sham to perpetrate a fraud, nor that Hanby or Petit are general partners of Randall's Food & Drugs, LP, nor any other fact or principle to support their personal liability.

Petit and Hanby's Motion, Docket Entry No. 9, p. 2 ¶ 4.

"In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff."  <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.</u>, 99 F.3d 746, 751 (5th Cir. 1996).  The Fifth Circuit recognizes two ways to establish improper joinder:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

---

[28]<u>Id.</u> at 7.

establish a cause of action against the non-diverse party in state
court." Smallwood v. Illinois Central Railroad Company, 385 F.3d
568, 573 (5th Cir. 2004). Petit and Hanby rely on the second way.[29]

To meet this burden Petit and Hanby must show "that there is
no reasonable basis for the district court to predict that the
plaintiff might be able to recover against an in-state defendant."
Smallwood, 385 F.3d at 573. To determine whether a plaintiff has
a reasonable basis of recovery under state law, "[t]he court may
conduct a Rule 12(b)(6)-type analysis, looking initially at the
allegations of the complaint to determine whether the complaint
states a claim under state law against the in-state defendant."
Id.; see also International Energy Ventures Management, L.L.C. v.
United Energy Group, Ltd., 818 F.3d 193, 200-08 (5th Cir. 2016)
(explaining why federal courts must apply the federal pleading
standard and may not rely on Texas courts' more liberal "fair
notice" pleading standard)). To survive Rule 12(b)(6) scrutiny, "a
complaint must contain sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal
quotations and citations omitted). "A claim has facial plausi-
bility when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." Id.

───────────────

[29]Petit and Hanby's Motion, Docket Entry No. 9, p. 2 ¶ 3.

Under Texas law a corporate officer or agent can be liable to others for his own negligence, but "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996). "Thus, unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care." Id.; see also In re Butt, 495 S.W.3d 455, 467 (Tex. App.—Corpus Christi 2016, orig. proceeding) ("[L]iability cannot be imposed on employees where the employer and the employees committed the identical negligent acts or omissions.").

Plaintiff alleges that Petit, in his role as the "Maintenance Supervisor at Albertson's Companies . . . . was responsible for ensuring proper maintenance of the refrigeration system that ruptured on the date in question."[30] Plaintiff alleges that "Petit is also responsible for overseeing and coordinating contractors and vendors, who maintain electrical and refrigeration systems at the Randall's grocery store where Plaintiff was injured[,]" and that "Petit is directly responsible for the everyday maintenance of these systems to ensure customers and employees are working around safe equipment."[31] But according to Plaintiff's allegations, Petit

---

[30]First Amended Petition, Docket Entry No. 1, p. 62 ¶ 10.

[31]Id.

-9-

was only "responsible" for these tasks in his capacity as an employee of Albertson's.  Plaintiff does not allege that Petit owed him any separate duty of care independent of his duty as an Albertson's employee.  The same is true of Plaintiff's allegations against Hanby.[32]

Plaintiff alleges that all Defendants were responsible for a series of failures that rise to the level of negligence and gross negligence, but he does so without distinguishing between employers and employees.[33]  The alleged negligent acts and omissions giving rise to the employers' liability are identical to the alleged negligent acts and omissions giving rise to Petit and Hanby's liability.  Therefore, "liability cannot be imposed" on Petit and Hanby.  See In re Butt, 495 S.W.3d at 467.  Plaintiff's First Amended Petition thus offers no reasonable basis to predict that Plaintiff can recover from Petit and Hanby individually.  See id.

The court concludes that Petit and Hanby are improperly joined, that their citizenship may not be considered for purposes of diversity jurisdiction, and that they must be dismissed as defendants.  The remaining parties being completely diverse, the court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Plaintiff's Motion to Remand will be denied.

---

[32] See id. ¶ 11.

[33] Id. at 65-66 ¶ 22.

### III.   Safeway's 12(b)(2) Motion

Safeway has filed a motion to dismiss Plaintiff's suit against it for lack of personal jurisdiction.[34]   Plaintiff has filed a response.[35]

### A.   Standard of Review for Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to assert by motion that the court lacks personal jurisdiction.   "[I]f the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss."   Read v. Ulmer, 308 F.2d 915, 917 (5th Cir. 1962).   Where a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing, "'the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction.'"   Carmona v. Leo Ship Management, Inc., 924 F.3d 190, 193 (5th Cir. 2019) (quoting Sangha v. Navig8 ShipManagement Private Ltd., 882 F.3d 96, 101 (5th Cir. 2018)).   "'In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'"   Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 344 (5th Cir.

---

[34]Safeway's Motion, Docket Entry No. 13.

[35]Plaintiff's Response to Safeway, Docket Entry No. 27.

-11-

2002) (quoting <u>Thompson v. Chrysler Motors Corp.</u>, 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court "must accept as true [the Plaintiff's] uncontroverted allegations, and resolve in [its] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation."  <u>First Investment Corporation of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.</u>, 703 F.3d 742, 746 (5th Cir. 2012) (alterations in original) (internal quotations and citation omitted).  "[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."  <u>Panda Brandywine Corp. v. Potomac Electric Power Co.</u>, 253 F.3d 865, 869 (5th Cir. 2001).

"'A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment.'"  <u>In re DePuy Orthopaedics, Inc.</u>, 888 F.3d 753, 778 n.35 (5th Cir. 2018) (quoting <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386, 398 (5th Cir. 2009)).  "'[B]ecause the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.'"  <u>Id.</u> (quoting <u>Johnston v. Multidata Systems International Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008)).

Personal jurisdiction may be general or specific.  <u>Id.</u> at 778. "The former requires 'continuous and systematic' forum contacts and allows for jurisdiction over all claims against the defendant, no

matter their connection to the forum." <u>Id.</u> (quoting <u>Daimler AG v.</u> <u>Bauman,</u> 134 S. Ct. 746, 754 (2014)).  "In contrast, the latter obtains only where a defendant 'purposefully direct[s]' his activities toward the state," <u>id.</u> (quoting <u>Burger King Corp. v.</u> <u>Rudzewicz,</u> 105 S. Ct. 2174, 2177 (1985) (alterations in original)), "and the plaintiff's claim 'aris[es] out of or [is] related to' the defendant's forum contacts . . . ." <u>Id.</u> (quoting <u>J. McIntyre</u> <u>Machinery, Limited v. Nicastro,</u> 131 S. Ct. 2780, 2788 (2011) (alterations in original)).  To determine whether a plaintiff has made the <u>prima facie</u> showing of specific jurisdiction, a court asks

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.  The minimum contacts inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it reasonably anticipates being haled into court.  The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.

<u>Vanderbilt Mortgage and Finance, Inc. v. Flores,</u> 692 F.3d 358, 375 (5th Cir. 2012) (quoting <u>McFadin v. Gerber,</u> 587 F.3d 753, 759 (5th Cir. 2009)).

## B.   Analysis

Safeway does not dispute that it has established minimum contacts with the State of Texas.   Instead Safeway argues that

-13-

"Plaintiff cannot show specific personal jurisdiction because Safeway Inc.'s contacts with Texas do not give rise to nor relate to Plaintiff's causes of action."[36]

In his First Amended Petition Plaintiff brings a claim of premises liability against Albertson's, Albertsons Cos., Safeway, Randall's, Grogan's, and J. Beard.[37] The section of the complaint dealing with premises liability asserts that "Defendants owned, operated, or managed the property where the incident occurred"[38] and therefore "had a duty to ensure [Plaintiff] was proper[l]y warned and the dangerous conditions were made reasonably safe."[39] Safeway has responded with an affidavit from Albertsons Companies, Inc. Senior Attorney Michael M. Dingel stating that Safeway "did not own, operate, or manage the subject store where the incident occurred, Randall's Food & Grocery, 2250 Buckthorne Place, Spring, Texas 77380."[40]

Plaintiff's Response does not rely on the argument that Safeway owned or operated the Randall's where the incident occurred. Instead Plaintiff relies on the allegation in his First Amended Petition that "Safeway is a foreign corporation that does

---

[36]Safeway's Motion, Docket Entry No. 13, p. 5 ¶ 10.

[37]First Amended Petition, Docket Entry No. 1, p. 70 ¶¶ 38-41.

[38]Id. ¶ 39.

[39]Id. ¶ 41.

[40]Certification of Michael M. Dingel, Docket Entry No. 13-1, p. 2 ¶ 5.

a substantial amount of business in the state of Texas under the Albertson's-Randall's-Tom Thumb brand"[41] and argues that "[t]his alone is enough to make a prima facie showing of jurisdiction."[42] The court is not persuaded by this argument.  To make a <u>prima facie</u> showing of personal jurisdiction, Plaintiff must do more than allege that Safeway has minimum contacts with Texas — Plaintiff must allege facts showing that his injuries "'arise out of or are connected with [Safeway's] activities within the state.'"  <u>See</u> <u>McIntyre,</u> 131 S. Ct. at 2787 (quoting <u>International Shoe Co. v.</u> <u>State of Washington, Office of Unemployment Compensation and</u> <u>Placement,</u> 66 S. Ct. 154, 160 (1945)).

Plaintiff seeks to meet this burden by arguing that he "was injured at a Randall's store in Houston, Texas . . . ."[43]  But just because Safeway did business with Randall's and Plaintiff was injured at a Randall's store does not mean that Safeway's conduct had anything to do with Plaintiff's injury.

Plaintiff's Response to Safeway relies heavily on <u>Ford Motor</u> <u>Company v. Montana Eighth Judicial District Court,</u> 141 S. Ct. 1017 (2021),[44] in which the Supreme Court held that plaintiffs need not show a "strict causal relationship between the defendant's in-state

---

[41]First Amended Petition, Docket Entry No. 1, p. 62 ¶ 9.

[42]Plaintiff's Response to Safeway, Docket Entry No. 27, p. 13.

[43]<u>Id.</u>

[44]<u>Id.</u> at 9-12.

activity and the litigation" in order to establish personal jurisdiction.  Id. at 1026.  But the Court cautioned that this "does not mean anything goes.  In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."  Id. The Ford case involved plaintiffs in Montana and Minnesota who claimed injuries from malfunctioning automobiles.  Id. at 1019. The Court held that Ford Motor Company was subject to personal jurisdiction in Montana and Minnesota because "Ford had advertised, sold, and serviced those [malfunctioning] two car models in both States for many years."  Id. at 1028.  "In other words, Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States."  Id.

Plaintiff's allegations against Safeway are not analogous to the allegations in Ford.  Plaintiff does not allege that Safeway targeted the State of Texas for sales of the refrigerator pipe that allegedly burst, or that Safeway serviced Randall's refrigeration equipment, or indeed that Safeway had any relationship to Plaintiff's injuries beyond the fact that Safeway did business with Randall's and the injury took place at Randall's.  Plaintiff has not alleged any conduct on Safeway's part showing that Safeway could have "reasonably anticipate[d] being haled into [Texas] court."  See Vanderbilt, 692 F.3d at 375.  Plaintiff has therefore

-16-

failed to uphold his burden of making a <u>prima facie</u> showing that the court has specific personal jurisdiction over Safeway.

Plaintiff asks the court to "defer its ruling on Safeway's motion until he can conduct limited jurisdictional discovery."[45] "In the Fifth Circuit, the decision to allow jurisdictional discovery is within the court's discretion." <u>Target Training International, Ltd. v. Extended Disc International Oy, Ltd.,</u> Civil Action No. 4:11-cv-02531, 2015 WL 12777224, at *10 (S.D. Tex. March 4, 2015) (citing <u>Monkton Insurance Services, Ltd. v. Ritter,</u> 768 F.3d 429, 434 (5th Cir. 2014)). The party opposing dismissal and requesting jurisdictional discovery bears the burden to show that such discovery is necessary. <u>Id.</u> "A party seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support a proper exercise of personal jurisdiction." <u>Id.</u> (citing <u>Evergreen Media Holdings, LLC v. Safran Co.,</u> 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014)). Plaintiff has not met this burden. He asks "to depose a corporate representative on jurisdictional topics[,]"[46] but does not state what facts he expects to obtain thereby or how such information will support a proper exercise of personal jurisdiction. The court in its discretion will deny Plaintiff's request to conduct jurisdictional discovery.

---

[45]Plaintiff's Response to Safeway, Docket Entry No. 27, p. 14.

[46]<u>Id.</u>

Because the court concludes that it lacks personal jurisdiction over Safeway, Safeway's Motion will be granted, and Safeway will be dismissed without prejudice.

## IV.   Defendants' Motions to Dismiss for Failure to State a Claim

Albertsons Cos. has filed a motion to dismiss for failure to state a claim, as have defendants Grogan's and J. Beard.[47] Plaintiff has filed a response to each motion.[48]  Each of the motions to dismiss relies on matters outside of Plaintiff's petition.  Albertsons Cos.'s Motion asserts that "[Albertsons Cos.] ceased to exist before Plaintiff's claim arose on June 21, 2019[,]" and that Plaintiff's claim against Albertsons Cos. is therefore not a claim upon which relief can be granted.[49]  Grogan's and J. Beard's Motion relies on the argument that neither Grogan's nor J. Beard has an ownership interest in the property at issue in Plaintiff's action.[50]  Both of these motions raise questions of fact that cannot be properly addressed in a Rule 12(b)(6) motion.

---

[47]Albertsons Cos.'s Motion, Docket Entry No. 12; Grogan's and J. Beard's Motion, Docket Entry No. 18.

[48]Plaintiff's Response to Albertsons Cos., Docket Entry No. 26; Plaintiff's Response to Grogan's and J. Beard, Docket Entry No. 32.

[49]Albertsons Cos.'s Motion, Docket Entry No. 12, p. 2 ¶ 6.

[50]Grogan's and J. Beard's Motion, Docket Entry No. 18, p. 3 ¶¶ 6-8.

"When matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties." <u>Turnage v. McConnell Technologies,</u> 671 F. App'x 307, 309 (5th Cir. 2016) (citing Fed. R. Civ. P. 12(d)).  Therefore these motions, even if meritorious, were filed prematurely and should have been filed as motions for summary judgment under Federal Rule of Civil Procedure 56 after the initial pretrial and scheduling conference.[51]  The court will deny both motions.

## V.  <u>Conclusions and Order</u>

For the reasons explained above, Plaintiff's Motion to Remand (Docket Entry No. 25) is **DENIED**.  Petit and Hanby's Motion to Dismiss (Docket Entry No. 9) is **GRANTED**, and defendants Petit and Hanby are **DISMISSED**.

Defendant, Safeway Inc.'s Motion to Dismiss (Docket Entry No. 13) is **GRANTED**, and Defendant Safeway Inc. is **DISMISSED without prejudice.**

Defendant Albertsons Companies, LLC's Motion to Dismiss (Docket Entry No. 12) is **DENIED**.

---

[51]The court usually allows only one dispositive motion.  If a defendant is not successful on a 12(b)(6) motion, it cannot then file a motion for summary judgment.

Defendants' Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 18), filed by defendants Grogan's Mill Retail Center GP, LLC and The J. Beard Real Estate Company, LP is **DENIED**.

**SIGNED** at Houston, Texas, on this 15th day of October, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE