Case 4:21-cv-02326   Document 84   Filed on 01/30/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN SCHEAFFER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ALBERTSON'S LLC, ALBERTSONS § <br> COMPANIES, LLC, SAFEWAY INC., § <br> ADAM PETIT, MICHAEL HANBY, § <br> RANDALL'S FOOD & DRUG, LP, § <br> GROGAN'S MILL RETAIL CENTER GP, § <br> LLC, THE J. BEARD REAL ESTATE § <br> COMPANY, LP, TYLER § <br> REFRIGERATION CORPORATION, § <br> HILLPHOENIX, INC., AND DANFOSS, § <br> LLC, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:21-cv-2326 |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Hill Phoenix, Inc.'s ("Hill Phoenix's") Motion for Summary Judgment (ECF 77).[1] Plaintiff Steven Scheaffer ("Plaintiff") filed a Response (ECF 79). Hill Phoenix argues that it is entitled to summary judgment on two independent bases: (1) no evidence demonstrates that the equipment manufactured by Tyler Equipment, an entity acquired by Hill Phoenix in 2009, was defective or that any alleged defect caused or contributed to the incident in which Plaintiff was injured; and (2) Plaintiff's claims against Hill Phoenix are barred by the fifteen-year statute of repose found in Tex. Civ. Prac. & Rem. Code § 16.012(b). ECF 77 at 4-7.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 31.

1

The Court finds Hill Phoenix is entitled to summary judgment based on the fifteen-year statue of repose, and therefore need not address any other basis for summary judgment.  TEX. CIV. PRAC. & REM. CODE § 16.012(b) provides that "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of sale of the product by the defendant."  The summary judgment evidence presented by Hill Phoenix establishes that the allegedly defective Tyler Equipment was sold to Albertson's LLC/Randall's Food & Drugs LP prior to 2006.  ECF 77-4 at 5.   Furthermore, Plaintiff concedes that the statute of repose bars his claims and that Hill Phoenix is entitled to summary judgment on this basis.  ECF 79 at 2.  Therefore, Defendant Hill Phoenix, Inc.'s Motion for Summary Judgment should be granted.

Lastly, Plaintiff urges the Court not to award attorney's fees and costs to Defendant Hill Phoenix, citing a case in which a federal district court declined to award attorney's fees to a prevailing defendant in an employment discrimination case brought under Title VII and 42 U.S.C. § 1981.  ECF 79 at 2 n.1 (citing *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 577-78 (S.D. Tex. 2005).   First, with respect to the issue of attorney's fees, Hill Phoenix has neither moved for nor claimed it is entitled to recover attorney's fees.  Plaintiff did not bring a claim against Hill Phoenix under any federal statute authorizing an award of attorney's fees and Texas law does not authorize the award of attorney's fees to the prevailing party in a products liability or personal injury claim.  *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b) (enumerating the types of claims for which a prevailing plaintiff may recover attorney's fees).  Accordingly, no basis exists for an award of attorney's fees.  With respect to costs of court, Federal Rule of Civil Procedure 54, which addresses judgments and costs, states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party." FED. R. CIV. P 54(d)(1).  The award of costs will be addressed in any judgment issued by the District Judge.

In conclusion, the Court RECOMMENDS that Defendant Hill Phoenix, Inc.'s Motion for Summary Judgment be GRANTED, and that Plaintiff's claims against Hill Phoenix be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 30, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge