Case 4:21-cv-02326 Document 85 Filed on 02/02/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN SCHEAFFER, § § Plaintiff, § § v. § § ALBERTSON'S LLC, ALBERTSONS COMPANIES, LLC, SAFEWAY INC., ADAM PETIT, MICHAEL HANBY, RANDALL'S FOOD & DRUG, LP, GROGAN'S MILL RETAIL CENTER GP, LLC, THE J. BEARD REAL ESTATE COMPANY, LP, TYLER REFRIGERATION CORPORATION, HILLPHOENIX, INC., AND DANFOSS, LLC, § § § § § § § § § § § § § Defendants. § | CIVIL ACTION NO. 4:21-cv-2326 |

## **MEMORANDUM AND RECOMMENDATION**

Before the Court are Defendant Danfoss, LLC's ("Danfoss'") Motion for Summary Judgment (ECF 74); and Danfoss' Supplement to its Motion for Summary Judgment (ECF 82). Plaintiff did not file a Response to the Motion or to the Supplement. Upon consideration of the parties' filings and the applicable law the Court RECOMMENDS that Danfoss' Motion for Summary Judgment be GRANTED.[1]

**I.     Background**

Plaintiff Steven Scheaffer ("Plaintiff") brings this action for personal injury arising from a pipe rupture that occurred on June 21, 2019 at a Randall's Food & Grocery while Plaintiff was

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 31.

1

working as a refrigeration system technician hired to replace a fan motor on a compressor. ECF 5 at 64. A pipe in the refrigeration line "became over pressurized and ruptured," knocking Plaintiff to the ground and causing severe injury to his leg. *Id.* Plaintiff filed an Original Petition on February 5, 2021 in the 333rd Judicial District of Harris County, Texas, later amending his Petition on or around June 8, 2021 to add Danfoss as Defendant. *Id.* at 60, 73. The matter was removed to the United States District Court for the Southern District of Texas on July 19, 2021 on the basis of diversity jurisdiction. ECF 1 at 1-2.

Plaintiff's amended pleading identifies Danfoss as "the engineering company that designed, manufactured, and serviced the temperature unit on the subject refrigeration system." ECF 5 at 64. Plaintiff asserts against Danfoss claims for products liability, negligence, gross negligence, and violation of a nondelegable duty. *Id.* at 65-69. Danfoss moves for summary judgment (ECF 74) on the basis that "[t]here is no evidence of any product defect to any equipment that Danfoss manufactured, designed, distributed, or sold that allegedly caused Plaintiff's accident or injuries." *Id.* at ¶ 3.

**II.     Legal Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). The moving party may meet this burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 406 (5th Cir. 2011) (per curiam) (quoting *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)). Entry of summary judgment is warranted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Local Rule of the Southern District of Texas 7.4 provides that a failure to respond to a motion will be taken as a representation of no opposition. When a party fails to file a response to a motion for summary judgment, the district court may not grant summary judgment by default, but may accept the movant's version of the facts as undisputed and grant summary judgment "when the movant has made a prima facie showing of entitlement to summary judgment." *Atain Specialty Ins. Co. v. Sai Darshan Corp.*, 226 F. Supp. 3d 807, 813 (S.D. Tex. 2016) (citing *John v. State of La. (Bd. of Trs. For State Colleges & Univs.*, 757 F.2d 698, 708 (5th Cir. 1985)).

### III. Analysis

#### A. Danfoss is entitled to summary judgment on Plaintiff's products liability claims.

Plaintiff contends that Danfoss is "the engineering company that designed, manufactured, and serviced the temperature unit on the subject refrigeration system[,]" (ECF 5 at 64) and alleges Danfoss and other manufacturing defendants are liable for products liability based on: (1) manufacturing defects; (2) design defects; and (3) marketing defects. ECF 5 at 67-69. Danfoss argues it is entitled to summary judgment on all of Plaintiff's claims because Plaintiff cannot raise a genuine issue of fact demonstrating that Danfoss equipment was defective or caused Plaintiff's injuries. ECF 74 at 6-8.

To recover on a claim for a manufacturing defect the plaintiff must establish "that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). To recover for a design defect, the plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design was available; and (3) the defect was a producing cause of the personal injury for which the claimant

seeks recovery.  *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009); TEX. CIV. PRAC. & REM. CODE § 82.005.  To recover for a marketing defect, a plaintiff must show:

> (1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed; (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury.

*Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 384 (Tex. App.—Tyler 2009), *reh'g overruled* (Dec. 16, 2009).  In short, each theory of product liability—whether based on allegations of defective manufacture, design, or marketing—requires proof of a product defect:

> There can be no valid products liability claim without a product which has a defect. This is demonstrated by any of the Fifth Circuit cases which state the principles of Texas products liability law. . . . [E]ven a cursory review of these cases demonstrates that, in each instance, the Fifth Circuit required the existence of a defect—either one arising in a product's design, or in its manufacture, or in its marketing—before there could be recovery under Texas products liability law.

*Patterson v. Rohm Gesellschaft*, 608 F. Supp. 1206, 1211-12 (N.D. Tex. 1985).

Danfoss argues it is entitled to summary judgment on Plaintiff's product liability claims because "Plaintiff has no evidence that . . . there was any defect [in the Danfoss equipment] that produced the accident." ECF 74 at 8.  Danfoss's summary judgment evidence includes an expert report from Haag Engineering concluding that there is no reported defect or malfunction in the Danfoss components and the "pressure graphs" were consistent with a properly operating "sensor/transmitter." ECF 82-1 at 8.  Danfoss also included in the summary judgment record Plaintiff's expert report, which demonstrates that Plaintiff's expert was asked to rebut the Haag Engineering report and gave an expert opinion stating "I found nothing in the Haag report to

4

rebut . . . ." ECF 82-1 at 28. Proof of a defect in a product must be established by competent evidence, including "competent expert testimony and objective proof." *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004). The summary judgment record demonstrates that neither Danfoss' nor Plaintiff's experts have identified a defect in the Danfoss components. Thus, no genuine issue of disputed fact has been demonstrated regarding the existence of a defect in the Danfoss components and Danfoss' motion for summary judgment should be granted on Plaintiff's manufacturing, design and marketing defect claims.

Plaintiff also alleges product liability pursuant to the statutory exemptions for non-manufacturing sellers listed in section 82.003 of the Texas Civil Practice and Remedies Code. "Chapter 82 of the Texas Civil Practice & Remedies Code generally immunizes a nonmanufacturing seller from products-liability claims unless the claimant proves that a statutory exemption applies." *George v. SI Grp., Inc.*, 36 F.4th 611, 620 (5th Cir. 2022) (citing TEX. CIV. PRAC. & REM. CODE § 82.003(a)). The application of section 82.003 is limited to products liability actions, and therefore still requires proof of a product defect before a non-manufacturing seller can be held liable under one of its exceptions. *Lopez v. Huron*, 490 S.W.3d 517, 520 (Tex. App.—San Antonio 2016, no writ); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018) (holding the failure to plead specific facts regarding an actual defect was fatal to plaintiff's claim under section 82.003(6)). In addition, section 82.003 does not apply to Danfoss because Plaintiff and Danfoss agree that Danfoss is a manufacturer. *See* ECF 5 at 64 (identifying Danfoss as "the engineering company that designed, *manufactured*, and serviced" the equipment); ECF 82-1 at 8 (identifying "Danfoss components" and implicitly recognizing Danfoss as the manufacturer of those components). Thus, summary judgment should be granted to Danfoss on Plaintiff's claims under section 82.003 both because the record is devoid of evidence of a product defect and because Danfoss does not fall under the category of a non-manufacturing seller.

**B. Danfoss is entitled to summary judgment on Plaintiff's negligence claims.**

Plaintiff also brings negligence and gross negligence claims against Danfoss, but the only allegations of negligence applicable to Danfoss involve alleged product defects. ECF 5 at 65 (alleging the manufacturers "had a duty to manufacture, sell, and service a safe product . . . ."). Texas law permits plaintiffs to bring a products liability action under both strict liability and negligence theories. *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 255 (5th Cir. 1988) (citation omitted). "Strict liability looks at the product itself and determines if it is defective. Negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production [of the product]." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011) (quoting *Syrie v. Knoll Intern.*, 748 F.2d 304, 307 (5th Cir. 1984)).

"Traditionally in Texas law, negligence and strict liability have been distinct causes of action" requiring proof of different elements.[2] *Ford Motor Co. v. Miles*, 141 S.W.3d 309, 315 (Tex. App.—Dallas 2004), *reh'g overruled* (Sept. 8, 2004). But, "Texas courts have explained that where 'the allegations and evidence are directed to whether the product is "unreasonably dangerous" and no other potentially negligent conduct is alleged or the subject of evidence,' the negligence theories are subsumed by the strict liability theories asserted." *Romo*, 798 F. Supp. 2d at 807-08; *see also Miles*, 141 S.W.3d at 315 (citing *Garrett*, 850 F.2d at 257 and n.8, for the proposition that when the allegations and evidence are directed to a product defect and no other potentially negligent conduct is alleged, the defective product theory subsumes a negligence theory). In addition, "the Fifth Circuit has recognized that, where the negligence cause of action is premised only on allegations and evidence directed to whether the product is unreasonably

---

[2] The elements of a negligence claim are: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). The same elements are necessary to sustain a claim for gross negligence. *Madrid v. Galp Waters LP*, Civil Action No. H-12-3252, 2014 WL 12539253, at *3 (S.D. Tex. June 6, 2014) (citing *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 201 n.16 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

6

dangerous, failure to prevail on a strict liability cause of action necessarily dooms the negligence cause of action as well." *Oldham v. Thompson/Ctr. Arms Co.*, Civil Action No. H-12-2432, 2013 WL 1576340, at *6 (S.D. Tex. Apr. 11, 2013) (citing *Garrett*, 850 F.2d at 256–57); *see also Dixon v. C.R. Bard, Inc.*, No. 4:19-CV-4037, 2020 WL 6164462, at *2 (S.D. Tex. June 16, 2020) (collecting cases and stating that where a negligence cause of action involves allegations that a product caused injury, the negligence cause of action is encompassed by the products liability theory).

Plaintiff's negligence and gross negligence allegations in this case contend only that Danfoss violated its duty to manufacture and sell a safe product. Thus, Plaintiff's negligence claims against Danfoss fail for the same reason its products liability fail. "Whether a plaintiff seeks recovery based on negligence or strict liability, the burden is on the plaintiff to prove that the injury resulted from a defect in the product." *Castillo v. Bos. Sci. Corp.*, No. 7:20-CV-123, 2020 WL 5608510, at *8 (S.D. Tex. Sept. 18, 2020); *Miles*, 141 S.W.3d at 315 ("whether a plaintiff seeks recovery because of negligence or a theory of strict liability . . . the burden is on the plaintiff to prove that the injury resulted from a defect in the product.") (citing *Simms v. Sw. Tex. Methodist Hosp.*, 535 S.W.2d 192, 197 (Tex. App.—San Antonio 1976, writ ref'd n.r.e.)). As discussed above, Danfoss has presented unrebutted summary judgment evidence demonstrating the Danfoss components were not defective. Thus, Danfoss is entitled to summary judgment on Plaintiff's negligence claims for the same reason it is entitled to summary judgment on the strict product liability claims: the absence of any summary judgment evidence showing Danfoss's components were defective.

Finally, Plaintiff alleges all defendants breached "a nondelegable duty" to ensure the area and pipe he was working on were safe for routine maintenance. ECF 5 at 69. A nondelegable duty is a duty imposed by law on the basis of a concern for public safety. *MBank El Paso, N.A. v.*

*Sanchez*, 836 S.W.2d 151, 153 (Tex. 1992). To hold a defendant vicariously liable under nondelegable duty, the plaintiff must prove it was injured by a tort, and that the tortfeasor committed the tort while performing one of the defendant's nondelegable duties. MICHOL O'CONNOR, O'CONNOR'S TEXAS CAUSES OF ACTION Ch. 38-E § 2 (2023 ed.). Plaintiff fails to allege a nondelegable duty belonging to Danfoss that was performed by another person or entity whose performance of the duty caused Plaintiff's injury. In the absence of any allegations or evidence to support this claim, it is subject to a grant of summary judgment in favor of Danfoss. *Meadows v. Latshaw Drilling Co.*, 866 F.3d 307, 314-15 (5th Cir. 2017) (quoting *Celotex*, 477 U.S. at 326) (upholding a district court's *sua sponte* entry of summary judgment where the defendant's summary judgment briefing "should have put [plaintiff] on notice that he 'had to come forward with all of [his] evidence'" to oppose dismissal of a claim).

### IV. Conclusion and Recommendation

Plaintiff has not raised a genuine issue of material fact that the Danfoss system was defective. Accordingly, the Court RECOMMENDS that Defendant Danfoss, LLC's Motion for Summary Judgment (ECF 74) be GRANTED, and that Plaintiff's claims against Danfoss, LLC be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 02, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge